UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA FRANKIEWICZ and RUTH PEREZ, *Individually and on Behalf of a Class of Similarly Situated Individuals*,

                Plaintiffs,

-against-

MANHATTAN CRYOBANK, INC. and CNTP MCB, INC.,

                Defendants.

No. 1:20-cv-05157 (JLR) (JW)

**MEMORANDUM**
**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Named Plaintiffs Andrea Frankiewicz and Ruth Perez, individually and on behalf of similarly situated individuals (collectively, "Plaintiffs"), commenced this action on July 6, 2020, against Manhattan Cryobank, Inc., and CNTP MCB, Inc. ("Defendants"). *See* Dkt. 1. Plaintiffs assert claims for breach of contract, breach of express warranty, and unjust enrichment, as well as declaratory and injunctive relief under 28 U.S.C. § 2201. *See generally id.* Defendants have not filed an answer or otherwise appeared in this action. After the deadline to answer expired, Plaintiffs requested, and the Clerk of Court entered, certificates of default against both Defendants. *See* Dkts. 21, 22. Plaintiffs then moved for class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23 and requested leave to take discovery prior to moving for default judgment. *See* Dkts. 51, 54, 57. Subsequently, the Court referred the case to Magistrate Judge Willis for general pretrial purposes and for reports and recommendations on Plaintiffs' motion for class certification and anticipated motion for default judgment, *see* Dkt. 58. On August 16, 2023, Judge Willis issued a report and recommendation recommending that class

certification be granted and more discovery be permitted, Dkt. 59, which the Court adopted in its entirety on September 6, 2023, Dkt. 62.

After an extended attempt to pursue class discovery, *see* Dkt. 85, Plaintiffs filed a motion for default judgment (the "Motion") against Defendants on November 21, 2025, *see* Dkt. 87. On March 20, 2025, Judge Willis issued a Report and Recommendation (the "Report") recommending that (1) the Motion be denied without prejudice and (2) Plaintiffs be required to submit a brief no longer than fifteen pages addressing why the Court should not *sua sponte* decertify the class, Dkt. 93 ("R&R") at 8, due to new evidence included in the affidavit in support of a default judgment indicating "that the named Plaintiffs have not properly alleged typicality and likely do not fall within the class definition that was certified in this matter," *id.* at 5; *see id.* at 6-8. The Report warns that failure to timely object within fourteen days of service (that is, no later than April 3, 2025) would result in waiver of the right to object and preclude appellate review. *Id*. at 9. That deadline has since passed, and no party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Rule 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face

2

of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Report has passed and no party has filed any objection. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Court finds that the Report's reasoning is sound, grounded in fact and law, and not clearly erroneous. The Court is also equally troubled by the documents submitted in support of default judgment. Accordingly, the Court adopts the well-reasoned Report in its entirety.

Consistent with the Report, the Court DENIES Plaintiffs' motion for default judgment, and Plaintiffs are directed to file a brief not to exceed fifteen (15) pages no later **than April 22, 2025**, addressing why the Court should not *sua sponte* decertify the class. *See Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 261 (2d Cir. 2021) ("[D]istrict courts have the authority to *sua sponte* decertify a class if they find that the class no longer meets the requirements of Rule 23 at any time before final judgment is entered." (citing Fed. R. Civ. P. 23(c)(1)(C))).

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. 87.

Dated: April 8, 2025
      New York, New York

                                     SO ORDERED.

                                     JENNIFER L. ROCHON
                                     United States District Judge